UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNPAUL SCHOWACHERT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BILL POLLEY,<br><br>　　　　　Defendant. | No. 1:23-cv-01645-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION AS DUPLICATIVE |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on November 27, 2023. (ECF No. 1.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

///

1

1  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

Plaintiff names Bill Polley Jail Commander and medical nursing at Tuolumne County Jail, as Defendants.

Bill Polley willingly helped cover up his employees attempted murder of Plaintiff causing a closed head traumatic brain injury. Plaintiff lost his wife, kids, home, inability to ever hunt, fish, drive, walk and hike.

///
///
///

1  "Medical on Duty" doctored body report failing to note the giant blood blister rupture in
2  his right main blood vessel.  The first conflicting report is in the helicopter M.E. Anbraine
3  statements that only blunt force trauma could cause the amount of bruising on Plaintiff's brain
4  and it took five years for the bruising to heal.

**III.**

**DISCUSSION**

An examination of Plaintiff's instant complaint and a review of the Court's docket reveals that it is duplicative of the complaint filed in Schowachert v. Polley, No. 1:21-cv-01107-NODJ-HBK (Schowachert I).

"[A] duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit" may be dismissed as frivolous or malicious under section 1915(e). See Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988). "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.' " Adams v. California Dep't of Health Servs., 487 F.3d 684, 692 (9th Cir. 2007) (citation omitted), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008). To determine whether a claim is duplicative, courts use the test for claim preclusion. Adams, 487 F.3d at 688. "Thus, in assessing whether the second action is duplicative of the first, [courts] examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Id. at 689 (citations omitted). "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." Id. at 688 (internal quotation marks and citations omitted).

A prisoner complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of 28 U.S.C. § 1915A. Cf. Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citing Bailey v. Johnson, 846 F.2d at 1021) (duplicative in forma pauperis complaint may be considered abusive and dismissed under 28 U.S.C. § 1915).  That a prisoner adds an additional defendant in his later-filed action does not compel a different result.  See Bailey, 846 F.2d at 1021 (complaint repeating same allegations

asserted in earlier case, even if now filed against new defendants, is subject to dismissal as duplicative).

In both this action and Schowachert I, raises claims against Bill Polley related to a brain injury by officials while housed at Tuolumne County Jail and there was a cover-up to the attempted murder. The Court finds that this action is duplicative of Schowachert I because it repeats the same allegations as in that action.[1]  The fact Plaintiff has added the medical department as another Defendant to this action does not compel a different result. See Bailey, 846 F.2d at 1021 (complaint repeating same allegations asserted in earlier case, even if now filed against new defendants, is subject to dismissal as duplicative). Accordingly, the instant complaint should be dismissed as duplicative. Furthermore, given this defect, the Court finds that further amendment would be futile. See California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

### IV.

### ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that the instant action be dismissed as duplicative.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the

///

---

[1] Plaintiff has previously filed two other actions in this Court, both of which were dismissed as duplicative. See Schowachert v. Polley, No. 1:22-cv-01249-JLT-BAM (E.D. Cal. Nov. 8, 2022); Schowachert v. Polley, No. 1:23-cv-01579-JLT-EPG (Dec. 19, 2023).

4

specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 19, 2023**

UNITED STATES MAGISTRATE JUDGE