UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNPAUL SCHOWACHERT,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>BILL POLLEY,<br><br>　　　　　　　Defendant. | No.  1:23-cv-01645-NODJ-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 10) |

　　　　Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

　　　　Currently before the Court is Plaintiff's motion for appointment of counsel, filed February 2, 2024.

　　　　Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir.1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

　　　　Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether

1

1  "exceptional circumstances exist, the district court must evaluate both the likelihood of success
2  on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the
3  complexity of the legal issues involved." Rand, 113 F.3d at 1525. (internal quotation marks and
4  citations omitted).

5  In the present case, the Court does not find the required exceptional circumstances. Even
6  if it assumed that plaintiff is not well versed in the law and that he has made serious allegations
7  which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with
8  similar cases almost daily. While the Court recognizes that Plaintiff is at a disadvantage due to
9  his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the
10 appointment of counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most
11 actions require development of further facts during litigation and a pro se litigant will seldom be
12 in a position to investigate easily the facts necessary to support the case.") The test is whether
13 exception circumstances exist and here, they do not. Indeed, Findings and Recommendations
14 were issued to dismiss the case as duplicative. Thus, the Court finds that Plaintiff fails to state a
15 cognizable constitutional claim upon which relief may be granted. As a result, the Court is
16 precluded form making a finding that Plaintiff is likely to succeed on the merits. Accordingly,
17 Plaintiff's motion for the appointment of counsel is denied.

IT IS SO ORDERED.

Dated:   **February 5, 2024**

UNITED STATES MAGISTRATE JUDGE

2